IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) LAKE RIDGE ACADEMY, ) ) ) Defendant. ) ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Fair Labor Standards Act of 1938 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to restrain the retaliatory discharge of and discrimination against James C. Whiteman, who complained about Lake Ridge Academy's payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct Lake Ridge Academy's unlawful employment practices on the basis of retaliation, and to provide appropriate relief for James C. Whiteman as a result of such unlawful practices.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28

U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(b) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(b) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(b) and 17 of the FLSA, 29 U.S.C. §§ 216(b) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant, Lake Ridge Academy,

(the "Employer"), has continuously been an Ohio corporation, doing business in the State of Ohio and the City of North Ridgeville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the operation of a school system.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, James C. Whiteman filed a charge with the Commission

alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least November 16, 2005, Defendant Employer has engaged in unlawful retaliation at its North Ridgeville, Ohio facility, in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3 (a) when, believing that James C. Whiteman opposed its gender pay practices, it terminated his employment.

(A) After James C. Whiteman raised gender pay issues, Defendant, believing that James C. Whiteman opposed its gender pay practices, on or about November 16, 2005 failed to promote James C. Whiteman as Assistant Head of Schools because, while serving on an accreditation committee for Defendant Employer, he inquired whether male and female employees were paid the same.

(B) After James C. Whiteman raised gender pay issues, Defendant, believing that James C. Whiteman opposed its gender pay practices, on or about January 5, 2006 eliminated the position of James C. Whiteman in retaliation for his raising gender pay issues as part of an accreditation committee which he chaired.

(C) After James C. Whiteman raised gender pay issues, Defendant, believing that James C. Whiteman opposed its gender pay practices, on or about January 5, 2006 non-renewed the contract of James C. Whiteman as its Lower School Head when he inquired whether

male and female employees were paid the same, and requested data on Defendant Employer's pay practices.

(D) Alternatively, in November and December of 2005, James C. Whiteman on behalf of females raised gender pay equity issues with Deborah Cook, Defendant's Head of Schools. After receipt of James C. Whiteman's December 7, 2005 email inquiring 'Are males being paid more than females?', Defendant Employer, acting through its Head of Schools, Deborah Cook, on January 5, 2006 terminated Whiteman's employment in retaliation for raising the gender pay issues of females on the Defendant's Independent Schools Association of the Central States (ISACS) personnel committee which were brought to him as Chair of Defendant's ISACS committee.

10. The effect of the practices complained of in paragraphs 9 (A), (B), (C), and (D) above has been to deprive James C. Whiteman of equal employment opportunities and otherwise adversely affect his status as an employee because of retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

11. The unlawful employment practices complained of in paragraphs 9 above were and are intentional.

12. The unlawful employment practices complained of in paragraphs 9 above were done with malice or with reckless indifference to the federally protected rights of James C. Whiteman.

## STATEMENT OF FAIR LABOR STANDARDS ACT CLAIM

13.   Since at least January 5, 2006  Defendant Employer has violated Section 15(a)(3) of the FLSA, 29 U.S.C. §215 (a)(3),  by (a) eliminating James C. Whiteman's position; and (b), rather than promote  him,  selecting  him  for  non-renewal;  and  (c),  then discharging James C. Whiteman, in retaliation for complaining in written and oral inquiries related to the Equal Pay Act about  the compensation  paid by Defendant Employer to its male and female employees, all while James C. Whiteman served as Chair of Defendant Employer's ISACS accreditation committee.

14.   As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of lost wages due James C. Whiteman, and denied him promotion to Assistant Head of Schools.

15.   The unlawful practices complained of in paragraphs 13 and 14 above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in

active concert or participation with it, from engaging in retaliation and in any other employment practice which discriminates on the basis of retaliation.

    B.   Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating within its establishment between employees on the basis of protected activity, by eliminating the position of employees who make inquiries under the Equal Pay Act regarding the wages the Defendant Employer pays to employees of the opposite sex and terminating them, or in any other manner discriminating against such employees.

    C.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees, and which eradicate the effects of its past and present unlawful employment practices.

    D.   Order Defendant Employer to make whole James C. Whiteman, by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful retaliation against James C. Whiteman.

    E.   Order Defendant Employer to make whole James C. Whiteman by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 9 (A),

(B), (C)and (D) above, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole James C. Whiteman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 (A), (B), (C), and (D) above, in amounts to be determined at trial.

  G. Order Defendant Employer to pay James C. Whiteman punitive damages for its malicious and/or reckless conduct described in paragraphs 9 (A), (B),(C), and (D) above, in an amount to be determined at trial.

  H. Grant a judgment requiring Defendant Employer to pay appropriate lost wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to James C. Whiteman whose wages are being unlawfully withheld as a result of the retaliatory acts complained of above in paragraphs 13 and 14.

  I. Grant such further relief as this Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

  The Commission requests a jury trial on all questions of fact raised by its complaint.

           Respectfully submitted,

           U.S. EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C. 20507

Jacquelyn McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106

/s/C.Larry Watson by consent
C. Larry Watson
Associate Regional Attorney
Ohio Bar #0031443
Larry.Watson@EEOC.GOV


/s/Lawrence Mays
Lawrence Mays
Trial Attorney
Ohio Bar#0038288

Cleveland Field Office
AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, Ohio 44199
(216) 522.4796
(216) 522.7430 fax
Lawrence.Mays@EEOC.GOV